IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SMALL VENTURES USA, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-3072 |
| | § | |
| RIZVI TRAVERSE MANAGEMENT, LLC, | § | |
| MLRT FILM HOLDINGS, LLC, | § | |
| SUHAIL RIZVI, JOHN GIAMPETRONI, | § | |
| DIANE STIDHAM, DANNY MANDEL, | § | |
| and BEN KOHN, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending are Defendants Rizvi Traverse Management, LLC's, MLRT Film Holdings, LLC's, Suhail Rizvi's, John Giampetroni's, Diane Stidham's, and Danny Mandel's Motion for Partial Judgment on the Pleadings Regarding Plaintiff's Negligence and Gross Negligence Claims (Document No. 64), Plaintiff Small Ventures USA, L.P.'s Motion for Leave to Amend and File Second Amended Complaint (Document No. 84), and a Joint Expedited Motion to Amend the Docket Control Order (Document No. 92). The background facts can be found in the Court's October 2, 2012 Memorandum and Order at Document No. 58.

I. Motion for Leave to Amend

Whether to permit leave to amend is within the discretion of the district court but should be freely given "when justice so requires." Foman v. Davis, 83 S.Ct. 227, 230 (1962) (quoting FED.

R. CIV. P. 15(a)(2)). The Court observes that Defendants recently amended their Answer and filed with leave of Court a counterclaim against Plaintiff and, as well, joined three new parties as counter-defendants and third-party defendants. Plaintiff filed its Motion for Leave to File its Second Amended Complaint the same day that the Court granted Defendants' motion and allowed the filing of their counter-claim. The policy underlying Rule 15(a)(2) and caselaw applying it strongly favor allowing amendments, and the Court finds that such is appropriate here given the history and circumstances of this litigation. Accordingly, the Court will grant Plaintiff's motion, and the Second Amended Complaint is deemed filed. Because the negligence and gross negligence claims in the First and Second Amended Complaints are virtually identical, however, the Court will accept Defendants' Motion for Partial Judgment on the Pleadings (Document No. 64), which has been fully briefed by Defendants and Plaintiff, as a motion now directed at Count VIII in Plaintiff's Second Amended Complaint.

II. Motion for Partial Judgment on the Pleadings

Rule 12(c) allows a defendant to move for a judgment on the pleadings after the pleadings are closed. FED. R. CIV. P. 12(c). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance

of the pleadings and any judicially noticed facts." Hebert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (per curiam); see also Hughes v. Tobacco Institute, Inc., 278 F.3d 417, 420 (5th Cir. 2001) ("Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain.") (citing Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887, 891 (5th Cir. 1998)). In analyzing a motion under Rule 12(c), the Court uses the same standards that are applied to a Rule 12(b)(6) motion to dismiss. Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004). When considering a motion to dismiss under Rule 12(b)(6), the district court construes the allegations in the complaint favorably to the pleader and accepts as true all well-pleaded facts in the complaint. See Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

Defendants contend that Plaintiff's negligence and gross negligence claims are barred by the economic loss rule. Where parties to a lawsuit are in a contractual relationship, the Texas Supreme Court has established a two part test to determine whether a plaintiff may assert a claim for negligence. Coachmen Indus., Inc. v. Willis of Ill., Inc., 565 F. Supp. 2d 755, 771 (S.D. Tex. 2008) (Atlas, J.) (citing Sw. Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991)). One first looks to whether Defendants' conduct "would give rise to liability independent of the fact that

a contract exists between the parties." DeLanney, 809 S.W.2d at 494. If so, the claim may sound in tort. Id. Then, the court looks to the nature of the injury: "When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone." Id. at 495 (citing Jim Walter Homes, Inc. v. Reed, 711 S.W.2d 617, 618 (Tex. 1986)).

Plaintiff's negligence claims are premised on Defendants' alleged mismanagement of Plaintiff's $10 million investment in Newbridge.[1] Plaintiff made this investment pursuant to a set of written agreements.[2] Thus, Defendants' duties to act with reasonable care in managing Plaintiff's investment arose because of the contractual relationship between the parties, and are not "general legal duties owed by one person to another." See Coachmen, 565 F. Supp. 2d at 773.[3] Furthermore, Plaintiff does

---

[1] See Document No. 65 at 3 ("Plaintiff alleges that Defendants were negligent in carrying out certain actions which Defendants undertook as managers of Newbridge and as stewards of Plaintiff's money.").

[2] See Document No. 84, ex. A ¶ 83 (referencing "Subscription Agreement"); Id., ex. 5 (Subscription Agreement).

[3] Plaintiff's argument that the economic loss rule does not apply because it did not plead breach of contract is unavailing. See DeLanney, 809 S.W.2d at 495 (finding economic loss rule barred negligence claim in case where plaintiff did not request jury questions on breach of contract and thus waived his breach of contract claim). Similarly, Plaintiff's decision also to bring fraudulent inducement claims does not preclude the application of the economic loss rule. The possibility that the contract between the parties may be subject to avoidance if it was fraudulently induced does not change the fact that Defendants' duties to provide reasonable care in the management of Plaintiff's investment arose from their

not dispute that it is seeking to recover its $10,000,000 investment, which was the subject of the contracts.[4] Accordingly, the economic loss rule bars Plaintiff from pursuing its negligence and gross negligence claims, and they are dismissed.

### III. Motion to Amend the Docket Control Order

The Court grants as follows the Joint Expedited Motion to Amend the Docket Control Order. The parties shall consult with one another and submit to the Court within fourteen (14) days after the date of this Order a proposed Amended Docket Control Order upon which all parties agree.

---

contractual relationship, or that Plaintiff's claim is for the $10,000,000 that is the subject of the contract. Finally, Plaintiff's argument that Defendants owed it a duty under a negligent undertaking theory does not save Plaintiff's negligence claim from the economic loss rule. Plaintiff does not specifically allege negligent undertaking in its Second Amended Complaint, and even if it did, that claim would also be barred by the economic loss doctrine. *See* Memorial Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland, GMBH, Civ. A. No. G-06-438, 2007 WL 2446787, at *2 (S.D. Tex. Aug. 23, 2007) ("Whether Plaintiff can prove the elements of a negligent under-taking claim is irrelevant, since all negligence claims are barred by the economic loss doctrine.").

[4] Document No. 84, ex. A ¶ 113 ("Because of Defendants' negligence and gross negligence in managing Newbridge, SMV's $10 million investment, through RT NB III, is worthless."). *See also* Id., ex. A ¶ 179 ("Defendants' breach of the duty of care was the proximate cause of SMV's injury, which includes, but is not limited to, the money lost as a result of the Crest loan and the balance of SMV's lost investment due to the mishandling of the *Tekken* arbitration.").

IV. <u>Order</u>

Based on the foregoing, it is

ORDERED that Plaintiff Small Ventures USA, L.P.'s Motion for Leave to Amend and File Second Amended Complaint (Document No. 84) is GRANTED and Plaintiff's Second Amended Complaint is deemed filed; and Defendants Rizvi Traverse Management, LLC's, MLRT Film Holdings, LLC's, Suhail Rizvi's, John Giampetroni's, Diane Stidham's, and Danny Mandel's Motion for Partial Judgment on the Pleadings Regarding Plaintiff's Negligence and Gross Negligence Claims (Document No. 64) is GRANTED, and Plaintiff's negligence and gross negligence claims (Count VIII in Plaintiff's Second Amended Complaint) are DISMISSED with prejudice. It is further

ORDERED that the Joint Expedited Motion to Amend the Docket Control Order (Document No. 92) is GRANTED, as follows: the parties shall submit to the Court within fourteen (14) days a proposed Amended Docket Control Order upon which all parties agree.

The clerk shall notify all parties and provide them with a true copy of this Order.

Signed at Houston, Texas on this 4TH day of September, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE